IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**JUSTINE HEWERDINE,**

    **Plaintiff,**

                                                                 **CASE NO.:**

vs.

**ELI LILLY AND COMPANY, a**
**Foreign Profit Corporation,**

    **Defendant.**

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff JUSTINE HEWERDINE ("Plaintiff"), through undersigned counsel, files this Complaint against Defendant ELI LILLY AND COMPANY, a Foreign Profit Corporation ("Defendant"), and states as follows:

### INTRODUCTION

1. Plaintiff brings these claims for age discrimination against Defendant for its unlawful termination of Plaintiff, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626 *et seq.* ("ADEA") and the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq* ("FCRA"). Plaintiff is seeking damages including back pay, front pay, liquidated damages, punitive damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including, but not limited to, equitable relief.

2. Plaintiff brings a claim for discrimination and retaliation against Defendant, who subjected Plaintiff to workplace discrimination and retaliation because of her age and sex.

3. Plaintiff was wrongfully terminated as the culmination of discrimination and

retaliation against her.

## JURISDICTION

4. Jurisdiction of this matter arises under 28 U.S.C. §1331 with federal questions involving the ADEA. An express grant of federal court jurisdiction over this federal claims is found in the ADEA 29 U.S.C. §626. Jurisdiction over state law claims also arise under the Court's supplemental jurisdiction 28 U.S.C. § 1367.

5. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant in Duval County, Florida.

6. Plaintiff is protected by the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626 *et seq*.

7. Plaintiff is protected by the Florida Civil Rights Act, as amended, Fla. Stat. § 760.01 *et seq*.

8. Plaintiff timely filed her Charge of Discrimination with the Florida Commission on Human Relations ("FCHR"), alleging age and sex discrimination and retaliation.

9. Plaintiff received her Notice of Dismissal on Charge No. 201921074 dated March 31, 2020.

10. Plaintiff filed this Complaint within 90 days of receiving her Notice of Dismissal.

11. Plaintiff's claims are therefore timely filed.

## PARTIES

12. Plaintiff worked for Defendant as a pharmaceutical sales representative from on or about 1997, until her termination on or about August 9, 2018.

13. At all times material to this action, Defendant, was and continues to be a Foreign For-Profit Corporation.

14. Further, at all times material to this action, Defendant was, and continues to be, engaged in business in Florida, doing business in, among other counties, in Duval County, Florida.

15. Throughout her employment with Defendant, Plaintiff primarily worked in Defendant's territory located in and around Duval County, Florida.

16. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FCRA and ADEA.

17. At all times material to this action, Defendant was, and continues to be, "employer" within the meaning of the FCRA and ADEA.

18. Defendant is an employer as defined by ADEA, as it employed over 15 employees for over twenty calendar weeks in each year relevant to this action.

19. Defendant is also an employer as defined by the FCRA, as it employed over 15 employees for over twenty calendar weeks in each year relevant to this action.

**GENERAL ALLEGATIONS**

20. Plaintiff was hired by Defendant as a Sales Representative in or around 1997.

21. Defendant claims that it is a worldwide leader in cutting-edge pharmaceutical drugs.

22. While employed by Defendant Plaintiff developed relationships with customer accounts, managed territories, and generated sales by visiting, meeting and calling physicians in her area to educate them regarding Defendant's products and provide such physicians with samples.

23. Throughout Plaintiff's employment, Plaintiff kept, to the best of her knowledge, accurate records reflecting which physicians she called, visited, met with, and/or provided

pharmaceutical samples to and reported same to Defendant for Defendant's physician call/visit log records.

24. In January of 2017, Defendant hired a new Chief Executive Officer ("CEO"), David Ricks.

25. Immediately upon his arrival, Mr. Ricks began to publicly stress the fact that he wanted to increase the percentage of "millennial sales representatives to 40% of the overall sales force by 2020."

26. Upon information and belief, shortly after Mr. Ricks' public statements, Defendant began engaging in a pattern and/or practice of refusing to interview or hire sales representatives who were over the age of 40, gave preferential hiring/interview status only to new graduates out of college and created a group called "ECP" which stands for Early Career Professionals to cater to and support younger sales representatives.

27. No such professional groups or support groups were ever offered to sales representatives who were older, more senior or had many years of service with Defendant.

28. In addition, in the months and years following Mr. Ricks' initial announcement of Defendant's plan to increase the percentage of millennial sales representatives, multiple members of Defendant's leadership team would routinely boast to all of Defendant's sales representatives on company-wide "town hall meeting" conference calls about the fact that Defendant was successful in rapidly increasing the percentage of "millennial sales representatives."

29. Indeed, one of the sales representative managers in Florida stated during one of the company-wide town hall conference calls "let's face it guys we're just too old."

30. While working for Defendant, Plaintiff became entitled to certain pension and retirement benefits due to her long-tenure of employment with Defendant.

31. Upon information and belief, Defendant began to systematically terminate older, longer-tenured employees to prevent such older sales representatives, like Plaintiff, from vesting or further vesting in her pension and retirement benefits.

32. Prior to her termination, Plaintiff's had exemplary sales performance throughout her twenty plus years of employment. Furthermore, Plaintiff was never seriously disciplined and/or ever placed on any type of disciplinary suspension and/or performance improvement plans related to any other instances of misconduct prior to her termination. Accordingly, Plaintiff was qualified for the position she held.

33. On August 9, 2018, Plaintiff was, for the first time, contacted by Defendant's HR department. Defendant's HR representatives explained to Plaintiff that they believed she had reported making certain sales calls to clients and/or potential clients back in July, but that they believed she did not make such calls.

34. In response, Plaintiff denied any wrongdoing and/or admitted that, at worst, she may have mistakenly logged incorrect dates and/or providers, but if done, then such acts were not done intentionally, but in error.

35. Despite the fact that Plaintiff admitted to potentially making some errors in her call reporting, Defendants without any further investigation into what Plaintiff's explanations were for the alleged discrepancies, Defendant terminated Plaintiff immediately.

36. Upon information and belief, other similarly situated younger and/or male sales representatives made errors with respect to logging calls, but their explanations of their errors were thoroughly investigated further and time was spent by Defendant to determine whether

such allegations had merit prior to terminating their employment and/or issuing any form of discipline, if any discipline was given to such employees at all.

37. Upon information and belief, other similarly-situated younger and/or male sales representatives had worse sales performance than Plaintiff and made similar errors like Plaintiff, but were placed on performance improvement plans and/or probation and/or were awarded bonuses and/or remained eligible to earn bonuses.

38. Upon information and belief, other similarly-situated younger and/or male sales representatives were not disciplined by Defendant, nor were they terminated for similar things. In fact, they were provided with more opportunities for advancement within the company.

39. Upon information and belief, Plaintiff was replaced by a younger and/or male sales representative after her termination.

40. On or about August 17, 2018, Plaintiff contact Eli Lilly's HR Department to inquire why her final paycheck was for approximately half of what she would usually receive.

41. In response, Defendant's HR Department stated that Plaintiff had taken some vacation days during the pay period prior to her termination, but Plaintiff was out of PTO so her pay was reduced accordingly.

42. Plaintiff disputed that she had taken PTO days since she had spent several hours during each of the alleged "PTO days" performing work for Defendant by attending conference calls, answering copious emails and dealing with other work-related issues.  Thus, Plaintiff stated she have been paid for those days pursuant to her employment agreement, company policy and applicable laws.

43. In response, Defendant's HR Department stated that there was "nothing they could do" for Plaintiff and refused to pay her for the days she spent working for Defendant and/or to reimburse Plaintiff for the days which were improperly deducted from her paycheck.

44. As a result, Defendant has breached its employment agreement, company policies and procedures and/or has been unjustly enriched by failing to pay Plaintiff her salary wages for any and all days she performed at least a partial day of work on.

45. Upon information and belief, Defendant pays other similarly situated younger and/or male sales representatives for days missed if such younger and/or male sales representatives perform a partial day of work even if such similarly-situated sales representatives are out of their paid time off hours.

## COUNT I
## DISCRIMINATION BASED ON AGE IN VIOLATION OF THE ADEA

46. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1–45 above.

47. Plaintiff is a member of a protected class because Plaintiff is over forty years old.

48. At all relevant times throughout her employment, Plaintiff was qualified for the position she held with Defendant.

49. After Plaintiff's termination, Plaintiff was replaced by a younger employee(s).

50. Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected civil rights under the ADEA.

51. Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct and discriminatory actions based on her age.

52. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal and state laws. As a direct and proximate result of the

discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE Plaintiff, JUSTINE HEWERDINE, demands judgment against Defendant for back pay, an equal amount as liquidated damages, front pay, other monetary damages such as loss of pension and retirement benefits, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## DISCRIMINATION BASED ON AGE IN VIOLATION OF THE FCRA

53. Plaintiff re-alleges and adopts paragraph 1 – 45 as though set forth fully herein.

54. Plaintiff is a member of protected class because she is over forty years of age.

55. At all relevant times, Plaintiff was qualified for the position she held with Defendant.

56. After Plaintiff's termination, Plaintiff was replaced by a younger employee.

57. Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected civil rights under the FCRA.

58. Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct and discriminatory actions based on her age.

59. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal and state laws. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of

employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE Plaintiff, JUSTINE HEWERDINE, demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages and other monetary damages such as loss of pension and retirement benefits, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION BASED ON SEX IN VIOLATION OF TITLE VII

60. Plaintiff re-alleges and adopts paragraph 1 – 45 as though set forth fully herein.

61. Plaintiff is a member of a protected class due to her sex (female).

62. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against plaintiff on the basis of her sex in violation of Title VII.

63. Defendant knew or should have known of the discrimination.

64. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE Plaintiff, JUSTINE HEWERDINE, demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages and other monetary damages such as loss of pension and retirement benefits, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and

appropriate.

## COUNT IV
## DISCRIMINATION BASED ON SEX IN VIOLATION OF THE FCRA

65. Plaintiff re-alleges and adopts paragraph 1–45 as though set forth fully herein.

66. Plaintiff is a member of a protected class due to her sex.

67. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against plaintiff on the basis of her sex in violation of the FCRA.

68. Defendant knew or should have known of the discrimination.

69. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under state law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE Plaintiff, JUSTINE HEWERDINE, demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages and other monetary damages such as loss of pension and retirement benefits, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT V
## BREACH OF CONTRACT- UNPAID WAGES

70. Plaintiff re-alleges and adopts paragraph 1–45 as though set forth fully herein.

71. As an employee of Defendant, Plaintiff entered into a contractual agreement either via an express, written contract and/or via Defendant's policies and procedures outlined in Defendant's Employee Handbook, with Defendant to perform the duties of a sales representative

and in exchange for such performance, Defendant agreed to pay Plaintiff wages in the form of a salaried compensation.

72. Defendant breached its contractual agreement with Plaintiff by failing pay Plaintiff her earned wages and/or improperly making deductions from Plaintiff's wages.

73. As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered damages in the form of unpaid and/or lost wages.

74. Plaintiff specifically made Defendant aware of this breach of contract and Defendant has refused to pay Plaintiff her agreed salaried wages and/or failed to reimburse Plaintiff for the improper deductions made by Defendant from Plaintiff's pay.

WHEREFORE Plaintiff, JUSTINE HEWERDINE, demands judgment against Defendant for her lost wages, which were improperly deducted from her pay, back pay, interest, attorneys' fees and costs pursuant to Fla. Stat. 448.08, and any and all further relief that this Court determines to be just and appropriate.

### COUNT VI
### UNJUST ENRICHMENT- UNPAID WAGES
### (ALTERNATIVELY PLED TO COUNT V)

75. Plaintiff re-alleges and adopts paragraph 1–45 as though set forth fully herein.

76. Plaintiff conferred a benefit on the Defendant by performing work and services for Defendant as a sales representative, and Defendant voluntarily accepted these services from Plaintiff for approximately 20 years.

77. Plaintiff made Defendant aware that Defendant failed to Plaintiff some of her earned wages and requested Defendant pay Plaintiff appropriately for work performed.

78. Defendant retained the benefit of Plaintiff's work/services, but failed to correctly

pay Plaintiff for any and all of such work.

79. Accordingly, Defendant's failure to pay Plaintiff her wages for work performed caused circumstances present here where it would be inequitable for defendant to retain the benefit conferred on Defendant by Plaintiff without paying the value thereof to Plaintiff.

80. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered monetary damages.

WHEREFORE Plaintiff, JUSTINE HEWERDINE, demands judgment against Defendant for her lost wages, which were improperly deducted from her pay, back pay, interest, attorneys' fees and costs pursuant to Fla. Stat. 448.08, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated: June 26, 2020

                                              Respectfully submitted by,

                                              **/s/ Gregory R. Schmitz**
                                              GREGORY R. SCHMITZ, ESQ.
                                              Florida Bar No.: 0094694
                                              20 North Orange Avenue, 15th Floor
                                              Orlando, Florida 32801
                                              Telephone: (407) 204-2170
                                              Facsimile: (407) 536-9986
                                              E-mail: gschmitz@forthepeople.com
                                                                      mbarreiro@forthepeople.com
                                              ***Attorney for Plaintiff***