# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

JUSTINE HEWERDINE,

               Plaintiff,

v.                                          Case No. 3:20-cv-659-MMH-JRK

ELI LILLY AND COMPANY,
a Foreign Profit Corporation,

               Defendant.

_____

## REPORT AND RECOMMENDATION[1]

## I.  Status

This cause is before the Court on Defendant Eli Lilly and Company's Dispositive Motion to Dismiss and Memorandum in Support (Doc. No. 17; "Motion"), filed August 27, 2020. Plaintiff responded in opposition on September 24, 2020. See Plaintiff's Response in Opposition to Defendant's Motion to Dismiss and Incorporated Memorandum of Law (Doc. No. 27). The following day, Plaintiff refiled the response to redact certain personal identifiers from

---

[1]    "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Order (Doc. No. 3), No. 8:20-mc-100-SDM, entered October 29, 2020, at 6.

Exhibits A and B. See Plaintiff's Response in Opposition to Defendant's Motion to Dismiss and Incorporated Memorandum of Law (Doc. No. 29; "Response").[2] With leave of Court, see Order (Doc. No. 31), Defendant filed a reply and Plaintiff filed a sur-reply. See Defendant Eli Lilly and Company's Reply in Support of Its Motion to Dismiss (Doc. No. 36; "Reply"), filed October 15, 2020; Plaintiff's Sur-Reply in Opposition to Defendant's Motion to Dismiss and Incorporated Memorandum of Law (Doc. No. 37; "Sur-Reply"), filed October 28, 2020.

On September 23, 2020, the Honorable Marcia Morales Howard, United States District Judge, referred the Motion to the undersigned for a report and recommendation regarding an appropriate resolution. See Order (Doc. No. 26). Upon due consideration and for the reasons stated below, the undersigned recommends that the Motion be granted and the Complaint be dismissed without prejudice.

## II.   Background

Plaintiff initiated this action on June 26, 2020 by filing a Complaint and Demand for Jury Trial (Doc. No. 1; "Complaint") against Defendant, her former employer. In general, this case arises out of Plaintiff's alleged wrongful termination and Defendant's purported failure to compensate Plaintiff for work

---

[2]        When referring to Plaintiff's response and exhibits, the undersigned cites the second-filed response.

performed while she was on vacation. Plaintiff asserts Defendant's conduct violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., ("ADEA"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., ("Title VII"); and the Florida Civil Rights Act, Fla. Stat. § 760.01, et seq., ("FCRA"). Plaintiff also asserts breach of contract and unjust enrichment claims based on Defendant's failure to adequately compensate her. Specifically, the Complaint alleges as follows.

Plaintiff worked for Defendant as a pharmaceutical sales representative from around 1997 to "on or about" August 9, 2018, when she was terminated. Complaint at 2 ¶ 12, 3 ¶ 20. During her employment with Defendant, "Plaintiff developed relationships with customer accounts, managed territories, and generated sales by visiting, meeting and calling physicians in her area to educate them regarding Defendant's products and provide such physicians with samples." Id. at 3 ¶ 22.

In January 2017, David Ricks became Defendant's new Chief Executive Officer. Id. at 4 ¶ 24. "Immediately upon his arrival, Mr. Ricks began to publicly stress the fact that he wanted to increase the percentage of 'millennial sales representatives to 40% of the overall sales force by 2020.'" Id. ¶ 25. Thereafter, "Defendant began to systematically terminate older, longer-tenured employees to prevent such older sales representatives, like Plaintiff, from vesting or further vesting in [their] pension and retirement benefits." Id. at 5 ¶ 31.

On August 9, 2018, Defendant's Human Resources ("HR") department informed Plaintiff that "they believed she had reported making certain sales calls to clients and/or potential clients back in July, but that they believed she did not make such calls." Id. ¶ 33. Plaintiff "denied any wrongdoing and/or admitted that, at worst, she may have mistakenly logged incorrect dates and/or providers, but if done, then such acts were not done intentionally, but in error." Id. ¶ 34. "[W]ithout any further investigation into what Plaintiff's explanations were for the alleged discrepancies, Defendant terminated Plaintiff immediately." Id. ¶ 35. "[O]ther similarly situated younger and/or male sales representatives" had their explanations investigated and were not terminated or otherwise disciplined by Defendant. See id. 5-6 ¶¶ 36-38. "Plaintiff was replaced by a younger and/or male sales representative after her termination." Id. at 6 ¶ 39.

On around August 17, 2018, Plaintiff contacted Defendant's HR department "to inquire why her final paycheck was for approximately half of what she would usually receive." Id. ¶ 40. The HR department told Plaintiff that she had "taken some vacation days during the pay period prior to her termination" and that because she "was out of [paid time off ('PTO'),] her pay was reduced accordingly." Id. ¶ 41. Plaintiff "disputed that she had taken PTO days since she had spent several hours during each of the alleged 'PTO days' performing work for Defendant by attending conference calls, answering

copious emails and dealing with other work-related issues." Id. ¶ 42. The HR department responded that "there was 'nothing they could do' for Plaintiff and refused to pay her for the days she spent working for Defendant and/or to reimburse Plaintiff for the days which were improperly deducted from her paycheck." Id. at 7 ¶ 43. Defendant, however, "pays other similarly situated younger and/or male sales representatives for days missed if [they] perform a partial day of work even if [they] are out of their [PTO] hours." Id. ¶ 45.

Plaintiff asserts six counts against Defendant: discrimination based on age in violation of the ADEA (Count I); discrimination based on age in violation of the FCRA (Count II); discrimination based on sex in violation of Title VII (Count III); discrimination based on sex in violation of the FCRA (Count IV); breach of contract (Count V); and unjust enrichment (Count VI). See id. at 7-12.

Plaintiff alleges the Complaint is timely because she "timely filed" a charge of discrimination with the Florida Commission on Human Relations ("FCHR") and filed the Complaint within ninety days of receiving a notice of dismissal (presumably from the FCHR). Id. at 2 ¶¶ 8-10. The charge of discrimination and the notice of dismissal are not attached to the Complaint.

Plaintiff asserts the Court has subject matter jurisdiction under 28 U.S.C. § 1331 over the federal law claims (ADEA and Title VII)[3] and supplemental

---

[3]     The Complaint lists only the ADEA as the basis for the Court's jurisdiction under 28 U.S.C. § 1331, but as noted, Plaintiff also alleges violations of Title VII.

jurisdiction under 28 U.S.C. § 1367 over the remaining, state law claims. See id. ¶ 4.

### III.   Standard

In reviewing and deciding a motion to dismiss for failure to state a claim premised on Rule 12(b)(6), Federal Rules of Civil Procedure ("Rule(s)"), "the court [generally] limits its consideration to the pleadings and exhibits attached thereto." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted); see also Contour Spa at the Hard Rock, Inc. v. Seminole Tribe of Fla., 692 F.3d 1200, 1201 (11th Cir. 2012) (in reviewing an order on a motion to dismiss, stating the Court "take[s] as true the facts alleged in [the] complaint and attached exhibits" (citation omitted)).

Ordinarily, courts may not consider matters outside the pleadings without converting the motion into one for summary judgment. SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010) (citing Fed. R. Civ. P. 12(d)). Courts, however, "may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." Id. (citation omitted). A document is "central" to a plaintiff's claim when it is "at the very heart of the plaintiff's claim." Int'l Bhd. of Teamsters v. Amerijet Int'l, Inc., 932 F. Supp. 2d 1336, 1344 (S.D. Fla. 2013). In determining centrality, courts have also considered whether "the plaintiff would unquestionably have to offer a copy of [the document] in order to prove his or her case." McCanna v.

Eagle, No. 2:08-cv-421-CEH-SPC, 2009 WL 1510159, at *2 (M.D. Fla. May 5, 2009) (unpublished) (citing Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1285 (11th Cir. 2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Darrisaw v. Pa. Higher Educ. Assistance Agency, 949 F.3d 1302, 1303 (11th Cir. 2020). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Iqbal, 556 U.S. at 678 (citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (citation omitted). A plaintiff's factual allegations, even though taken as true and in the light most favorable to the plaintiff, must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

## IV.   Discussion

Defendant moves to dismiss all counts. As explained below, Plaintiff's federal claims under the ADEA and Title VII claims are due to be dismissed for failure to state a claim because, as Defendant argues, Plaintiff's charge of

discrimination was not timely filed. As to the FCRA, breach of contract, and unjust enrichment state law claims, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over such claims[4] and dismiss them.[5]

## A.    ADEA and Title VII Claims

Defendant asserts the ADEA and Title VII required Plaintiff to file a charge of discrimination within 300 days after her termination on August 9, 2018. Motion at 7. Defendant argues that Plaintiff failed to meet this requirement because she did not file a charge until September 23, 2019, which was "well over 400 days after Plaintiff's employment was terminated." Id. (citation omitted). Attached to the Motion is a copy of the September 23, 2019 charge. See id. at Ex. B (Doc. No. 17-2). (Defendant makes a similar argument

---

[4]      The FCRA does not raise a substantial federal issue such that jurisdiction under 28 U.S.C. § 1331 is appropriate. See, e.g., Bentley v. Miami Air Int'l, Inc., 377 F. Supp. 3d 1337, 1342-44 (S.D. Fla. 2019) (finding FCRA claim did not arise under federal law); Jackman v. 20th Jud. Cir. Ct. Admin., No. 2:19-cv-828-SPC-MRM, 2020 WL 1275452, at *1 (M.D. Fla. Mar. 17, 2020) (unpublished) (same). Although the court in Bentley was ruling on a motion to remand and courts should "remand all cases in which jurisdiction is doubtful," 377 F. Supp. 3d at 1340, the court did not find that jurisdiction was doubtful. On the contrary, the court found that "every basis [the defendant] offered for the existence of subject matter jurisdiction over [the complaint was] without merit" and that "[r]emoval was objectively unreasonable from the beginning." Bentley, 377 F. Supp. 3d at 1346.

[5]      Because the undersigned recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's FCRA, breach of contract, and unjust enrichment claims, the substantive issues raised by Defendant as to those claims need not be resolved.

as to Plaintiff's FCRA claim, stating that the charge should have been filed within 365 days after her termination. See id. at 7.[6])

Although Plaintiff responds to Defendant's argument with respect to her FCRA claim, she does not challenge Defendant's assertions regarding her ADEA and Title VII claims. See generally Response at 4-6. In arguing her FCRA claim is timely, Plaintiff clarifies that the charge filed on September 23, 2019 actually amended a prior charge dated August 9, 2019. See id. at 5. Specifically, Plaintiff asserts the amended charge added the allegations regarding Defendant's purported failure on August 17, 2018 to adequately compensate Plaintiff. Id. Attached to the Response is a copy of the initial charge, as well as a letter from the FCHR informing Plaintiff that the charge would be deemed filed on August 12, 2019 because it was not received until after 5:00 PM on Friday, August 9, 2019. See id. at Ex. A (Doc. No. 29-1); see Fla. Admin. Code R. 60Y-5.001(3) (providing that "[a]ny document received by the Clerk or other agent of the [FCHR] after 5:00 p.m. (Eastern Time) shall be filed as of 8:00 a.m. on the next regular business day"). According to Plaintiff, because the amended charge relates back to the initial charge, it is considered filed on August 12, 2019. Sur- Reply at 2.[7]

---

[6]     As discussed infra p. 14 n.11, the FCRA requires that the charge of discrimination be filed within 365 days after the alleged unlawful employment practice.

[7]     In the Response, Plaintiff had argued the amended charge should be deemed

(Continued…)

A plaintiff seeking to bring a civil action for employment discrimination under Title VII or the ADEA must first file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Stamper v. Duval Cty. Sch. Bd., 863 F.3d 1336, 1340 (11th Cir. 2017) (Title VII); Bost v. Fed. Express Corp., 372 F.3d 1233, 1238 (11th Cir. 2004) (ADEA). In a "deferral state" like Florida,[8] the charge must be filed within 300 days "after the alleged unlawful employment practice occurred." Bost, 372 F.3d at 1238 (citation omitted); see also E.E.O.C. v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1271 (11th Cir. 2002) (Title VII); 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(B). "[O]nly those claims arising within 300 days prior to the filing of the EEOC's discrimination charge are actionable." Joe's Stone Crabs, 296 F.3d at 1271[9] (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002)). "[T]he filing of a charge of discrimination with the [FCHR] constitutes dual filing with the EEOC."

---

filed on August 9, 2019, apparently not considering that the FCHR deemed the charge filed on August 12, 2019 and not August 9, 2019. See Response at 5.

[8]     "Deferral states are those that prohibit the unlawful employment practice at issue and have established state or local authorities to grant or seek relief for such practice." Maynard v. Pneumatic Prod. Corp., 256 F.3d 1259, 1262-63 (11th Cir. 2001) (citing 42 U.S.C. § 2000e-5(e)(1)); see, e.g., Short v. Immokalee Water & Sewer Dist., 165 F. Supp. 3d 1129, 1142 (M.D. Fla. 2016) (recognizing Florida is a deferral state).

[9]     Joe's Stone Crabs, 296 F.3d 1265, involved claims arising under Title VII, but "[b]ecause Title VII shares with ADEA a common purpose, i.e., elimination of discrimination in the workplace, because the statutory schemes are similar, and because both statutes require an almost identical filing with the appropriate agency within [300] days after the alleged discriminatory act . . . cases arising under one statute . . . have value as precedent for cases arising under the other." Coke v. Gen. Adjustment Bureau, Inc., 640 F.2d 584, 587 (5th Cir. 1981) (footnotes omitted). (In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.)

- 10 -

Perry v. S. Wine & Spirits of Am., Inc., No. 8:10-cv-2876-MSS-EAJ, 2012 WL 12897391, at *3 (M.D. Fla. Mar. 5, 2012) (unpublished) (citation omitted), aff'd sub nom. Perry v. S. Wine Spirits, 511 F. App'x 888 (11th Cir. 2013).

"[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); see also Jackson v. Seaboard Coast Line R. Co., 678 F.2d 992, 1001 (11th Cir. 1982); Equal Emp. Opportunity Comm'n v. Labor Sols. of AL LLC, 242 F. Supp. 3d 1267, 1272 (N.D. Ala. 2017). A plaintiff's failure to file a timely charge of discrimination is thus more appropriately considered under the Rule 12(b)(6) failure to state a claim standard. Harris v. Bd. of Trs. Univ. of Ala., 846 F. Supp. 2d 1223, 1230 n.7, 1236-37 (N.D. Ala. 2012) (collecting cases).

Here, as an initial matter, the undersigned finds that the Court may consider the charges of discrimination and the FCHR letter without converting the Motion into one for summary judgment. The authenticity of these documents is not disputed, and they are central to Plaintiff's claims, SFM Holdings, 600 F.3d at 1337, because they are critical to determining whether Plaintiff has stated a claim upon which relief may be granted. See Chesnut v. Ethan Allen Retail, Inc., 971 F. Supp. 2d 1223, 1228 (N.D. Ga. 2013) (noting that "[i]n discrimination cases, the EEOC charge is a document that courts

routinely consider when ruling on motions to dismiss, even if it was not attached to a pleading"; collecting cases).

As Plaintiff states, Plaintiff filed a charge of discrimination with the FCHR on August 12, 2019 and an amended charge on September 23, 2019. See Response at Ex. A (initial charge); Motion at Ex. B (amended charge). In each charge, Plaintiff checked the box indicating the charge was also being presented to the EEOC. See Response at Ex. A (initial charge); Motion at Ex. B (amended charge). Assuming that the amended charge relates back to the initial charge, any claims arising from an unlawful employment practice that occurred before October 16, 2018 (i.e., more than 300 days before the initial charge was filed) are time-barred and subject to dismissal. Plaintiff's claims under the ADEA and Title VII are based on her August 9, 2018 termination and Defendant's alleged failure on August 17, 2018 to compensate her for work performed during vacation. These acts both occurred well outside the 300-day statutory window. Plaintiff's claims are thus time-barred and are due to be dismissed for failure to state a claim.[10]

## B.   FCRA, Breach of Contract, and Unjust Enrichment Claims

Under 28 U.S.C. § 1367, a court may decline to exercise supplemental jurisdiction over a state law claim if the "court has dismissed all claims over

---

[10]    As noted, Plaintiff did not advance any arguments against the dismissal of her ADEA and Title VII claims (including arguments regarding waiver, estoppel, or equitable tolling).

which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well." <u>Vibe Micro, Inc. v. Shabanets</u>, 878 F.3d 1291, 1296 (11th Cir. 2018) (citing <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726 (1966) (stating that "[c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well")); <u>Raney v. Allstate Ins. Co.</u>, 370 F.3d 1086, 1089 (11th Cir. 2004) (recognizing the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial"). In these cases, "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." <u>Ali v. Stetson Univ., Inc.</u>, 340 F. Supp. 2d 1320, 1328 (M.D. Fla. 2004) (quoting <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988)), <u>aff'd</u>, 132 F. App'x 824 (11th Cir. 2005).

Here, the claims over which the Court has original jurisdiction (the ADEA and Title VII claims) are due to be dismissed. Upon due consideration, the undersigned finds that the balance of the above factors weighs in favor of declining to exercise supplemental jurisdiction over the state law claims. The case is in its early stages, and at least as of the filing of the Response, the parties had not yet engaged in discovery. <u>See</u> Response at 9. The prejudice to Plaintiff,

if any, would be minimal because the dismissal of her claims would be without prejudice to amending the Complaint. Plaintiff may also opt to transfer the state law claims to state court. The undersigned thus recommends that the Court dismiss Plaintiff's FCRA, breach of contract, and unjust enrichment claims.[11]

---

[11]   It is worth noting that Plaintiff's charge of discrimination, although untimely under the ADEA and Title VII, may not necessarily be untimely for purposes of her FCRA claim.

Similar to the filing requirements under the ADEA and Title VII, a plaintiff seeking to file an action under the FCRA must first file a charge of discrimination with the FCHR, but he or she must do so within 365 days of the alleged discriminatory act (as opposed to 300 days). Thompson v. Orange Lake Country Club, Inc., 224 F. Supp. 2d 1368, 1375 (M.D. Fla. 2002); Fla. Stat. § 760.11(1). Here—again assuming that the amended charge relates back to the initial charge—any FCRA claims arising from an unlawful employment practice that occurred before August 12, 2018 (i.e., more than 365 days before the filing of the initial charge) would be time-barred and subject to dismissal. Plaintiff's termination occurred on August 9, 2018 (outside the 365-day window), but Defendant's alleged failure to adequately compensate Plaintiff is claimed to have occurred on August 17, 2018 (within the 365-day window).

In cases involving employment practices "of a continuing nature," Fla. Admin. Code R. 60Y-5.001(2), "all wrongful conduct that occurred prior to the charge is actionable 'so long as the complaint is timely as to the last occurrence.'" Curry v. Bank of Am., N.A., No. 8:11-cv-1904-VMC-MAP, 2012 WL 5989351, at *3 (M.D. Fla. Nov. 29, 2012) (unpublished) (quoting King v. Auto, Truck, Indus. Parts & Supply, Inc., 21 F. Supp. 2d 1370, 1377 (N.D. Fla. 1998)); see also Coon v. Ga. Pac. Corp., 829 F.2d 1563, 1570 (11th Cir. 1987). "Discrete discriminatory acts," on the other hand, "are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Morgan, 536 U.S. at 113; see also Wolf v. MWH Constructors, Inc., 34 F. Supp. 3d 1213, 1222 (M.D. Fla. 2014). Therefore, Plaintiff's unlawful termination claim could be actionable if Plaintiff's termination was an act "of a continuing nature," because the last occurrence of discrimination (Defendant's alleged failure to properly compensate Plaintiff) occurred within the 365-day statutory window.

The undersigned recognizes, however, that the United States Supreme Court has identified termination as a "discrete" act. Morgan, 536 U.S. at 114 (stating that "[d]iscrete acts such as termination . . . are easy to identify"). This Court has similarly found that "[c]ompleted acts such as a termination . . . are not acts of a 'continuing' nature." Wolf, 34 F. Supp. 3d at 1222. That being said, "[t]he determination of whether a discriminatory act constitutes a continuing violation . . . or simply a past violation with present effect is a finding of fact." King, 21 F. Supp. 2d at 1377 (citation omitted).

## V.   Conclusion

Based on the foregoing, the Motion is due to be granted. Plaintiff's claims under the ADEA and Title VII are due to be dismissed without prejudice for failure to state a claim upon which relief may be granted, and Plaintiff's FCRA, breach of contract, and unjust enrichment claims are due to be dismissed without prejudice because the Court should decline to exercise supplemental jurisdiction over such claims. Accordingly, it is

**RECOMMENDED**:

That Defendant Eli Lilly and Company's Dispositive Motion to Dismiss and Memorandum in Support (Doc. No. 17) be **GRANTED** to the extent that Plaintiff's Complaint be **DISMISSED without prejudice**.

**RESPECTFULLY RECOMMENDED** in Jacksonville, Florida on February 2, 2021.

JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

- 15 -